IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwonee Washington, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action No. 0:23-4464-BHH |
| v. ) | |
| ) | **ORDER** |
| R.S. Dunbar, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court upon Dwonee Washington's ("Petitioner") pro se petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On October 10, 2023, Magistrate Judge Paige J. Gossett issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court summarily dismiss the petition without prejudice and without requiring Respondent to file a return. Petitioner filed objections to the Magistrate Judge's Report, and the matter is ripe for review.

## **BACKGROUND**

Petitioner is a federal inmate incarcerated at the Federal Correctional Institution in Williamsburg, South Carolina. Petitioner brings this § 2241 petition claiming that the sanctions imposed in two disciplinary hearings, specifically the loss of good time, exceeded the amount allowed by Bureau of Prisons ("BOP") policy and violated his right to due process under the Fifth Amendment. (ECF No. 1-2.)

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

**DISCUSSION**

In her Report, the Magistrate Judge reviewed Petitioner's claims and noted that disciplinary proceedings that implicate a protected liberty interest, such as the loss of good conduct time, demand due process. (ECF No. 11 at 3 (citing *Wolff v. McDonnell*, 418 U.S. 539 (1974).) After reviewing Petitioner's allegations, however, the Magistrate Judge found that his claim that his disciplinary sanction violated BOP policy failed to state a claim for a due process violation, specifically because Petitioner does not allege that he was denied any of the procedural safeguards required by *Wolff*. (*Id.* (citing *Clark v. Mosley*, No. 6:17-219-RMG, 2017 WL 5027347, at *3 (D.S.C. Oct. 30, 2017) (finding that the petitioner's claims that BOP violated its own policy in a disciplinary hearing insufficient to raise a cognizable constitutional issue in § 2241 petition)).)

In his objections, Petitioner objects to the Magistrate Judge's recommendation that his petition be dismissed without requiring Respondent to file a return, asserting that there is no binding precedent in this Circuit to support the Magistrate Judge's finding that the BOP's failure to follow its own policy does not alone establish a constitutional violation.

(ECF No. 13 at 3.) Petitioner further contends that the Magistrate Judge's reliance on *Clark v. Mosley* was misplaced, stating: "It is clear that in Clark's case, he argued that his good time credits were revoked in violation of policy.  In Petitioner's case, he is arguing that [h]is good time credits exceeded that allowed under BOP's policy." (*Id.* at 4.)  Petitioner further states: "the sanction imposed in this case of the loss of over 14 days of good time credits ('GTC') exceeds the maximum of GTC which may be forfeited as a sanction in the regulations." (*Id.*)

After review, the Court finds Petitioner's objections unavailing, and the Court agrees with the Magistrate Judge that Petitioner's claim that he was sanctioned with the loss of more good conduct time than allowed under BOP policy fails to state a cognizable constitutional claim for a due process violation.  As the Magistrate Judge explained, the United States Supreme Court has held that where a disciplinary hearing affects a liberty interest, such as the loss of good time credits here, an inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) a written statement by the fact finders of the evidence relied on and the reasons for the disciplinary action; and (4) a fair and impartial tribunal.  *Wolff*, 418 U.S. at 563-67.  Here, Petitioner does not allege that he was denied any of these procedural safeguards.  Instead, he argues that his sanction exceeded that allowed under BOP's policy.  "But the writ of habeas corpus is not available to enforce prison-specific policy manuals."  *Clark*, 2017 WL 5027347, *3; *see also Beard v. Hollembaek*, No. 5:16-HC-2197, 2018 WL 1570798, *4 (E.D.N.C. March 30, 2018) ("But even accepting petitioner's allegations as true, violations of BOP policy that do not implicate the baseline

procedural safeguards mandated by *Wolff* are not cognizable habeas claims."); *Rowls v. Mackelburg*, No. 0:20-979-DCN, 2020 WL 13739255, *2 (D.S.C. April 27, 2020) ("But, a mere failure to follow BOP policy does not establish a constitutional violation."). Rather, to obtain a writ of habeas corpus, "Petitioner must show his good time credits were taking in violation of the Constitution or laws of the United States," which Petitioner does not allege in this case. *Id.* Because the Court agrees with the Magistrate Judge that Petitioner's claim, as alleged in his §2241 petition and summarized in his objections, is insufficient to raise a cognizable constitutional claim, the Court dismisses the petition for habeas corpus.

## CONCLUSION

Based on the foregoing, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 11); the Court overrules Petitioner's objections (ECF No. 13); and the Court dismisses this case without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

November 17, 2023
Charleston, South Carolina

## CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find

4

the court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. Here, the Court finds that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, the Court denies a certificate of appealability.